**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:11CR203 |
| | § | |
| JEREMY LOUDER | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The Court held a hearing on Petitioner David Nappi's Petition Stating a Claim of Interest in Property Included in Forfeiture Action by the United States Government (Dkt. 109) on April 23, 2014. In his petition, Nappi asserts a claim to substitute forfeiture assets representing $96,277.92 in funds that were originally paid to Defendant Louder's attorneys for legal services but ultimately forfeited to the Government by order of this Court. Having considered Nappi's motion and response, as well as the arguments presented at the April 23, 2014 hearing, the Court finds that Nappi's "priority" claim in the substitute assets should be DENIED.

In order for the Court's preliminary order of forfeiture to be amended in Nappi's favor, he must satisfy the requirements of 21 U.S.C. 853(n), which governs third party interests in forfeited property. Section 853(n)(6) specifically provides that a petitioner must show by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

1

> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. §853(n)(6).[1]

The Court finds that Nappi has not shown by a preponderance of the evidence that he has a vested right, title, or interest to the specific funds at issue. Nappi argues that he has a right to the forfeited funds because money is fungible property and because he was one of many investors duped by Louder. Nappi cites to no case law to support this proposition, and the Court finds the argument unconvincing. Money is treated as all other forfeited assets. A petitioner must show a legal right, title, or interest in *that* money. It is not enough to show that the petitioner invested some money and that the property seized was also money. Despite Nappi's evidence as to the amounts of money he invested in Louder's ventures, Nappi has not shown by a preponderance of the evidence that the money he gave to Louder can be directly traceable to the funds held by the law firms. The burden is on Nappi to show that the funds held were directly traceable to him. He has not done so. The petition should be DENIED.

The Court notes that Nappi is listed as an Additional Restitution Payee in the October 4, 2012 Judgment in this matter. *See* Dkt. 60 at 7. The Court further notes that, according to counsel for the Government, Nappi has filed a Petition for Remission as to the forfeited funds, along with other individuals. According to the Government, that petition is being evaluated along with several others and it is anticipated that the forfeited funds will be distributed pro rata to Nappi and the other

---

[1] Nappi conceded at the hearing that he does not assert any interest in the property as a bona fide purchaser under subsection 853(n)(6)(B). Therefore, the Court's analysis is limited to whether he can make a showing under subsection 853(n)(6)(A).

petitioners therein. He is thus not without recourse as to his portion of the funds as part of his restitution. His Petition Stating a Claim of Interest in Property Included in Forfeiture Action by the United States Government (Dkt. 109) is simply not the method to obtain them.

Because Nappi cannot establish a right, title, or interest in the specific funds forfeited as substitute assets, Nappi's Petition Stating a Claim of Interest in Property Included in Forfeiture Action by the United States Government (Dkt. 109) should be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 28th day of April, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE